|  |  |
|---|---|
| RR, | ) **EX PARTE – EMERGENCY** |
| | ) **CONSIDERATION REQUESTED** |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) |
| NATIONAL CONFERENCE OF BAR | ) |
| EXAMINERS (NCBE), | ) |
| | ) |
| Defendant. | ) |
| | ) |

**AFFIDAVIT OF PLAINTIFF, RR, IN SUPPORT OF HER MOTION TO PROCEED
UNDER PSEUDONYM**

1.  This affidavit should be read in conjunction with my affidavit in support of my motion to file under seal.

2.  Congress has made abundantly clear that discrimination against persons with disabilities has continued to be a widespread problem in the United States, even after enactment of the Americans with Disabilities Act of 1990 (ADA).

3.  In fact, reinforcing the ADA's original intent, as well as *broadening* the ADA's coverage of persons with disabilities were the primary goals of the ADA Amendments Act of 2008 (ADAAA).

4.  I would not have expended the enormous effort and time preparing this case or coming before a court at all were it not possible to proceed under pseudonym *and* have exhibits filed under seal (both via redactions and under full seal).

5.  That time and effort was necessitated by the months already spent continuously harmed by NCBE's unlawful denials of accommodations that are necessary for me to take both the

1

MPRE and Massachusetts Bar Exam, which were both delayed as a result of NCBE's unlawful conduct.

6. To add insult to injury, NCBE has also violated my rights under the ADA and Section 504 of the Rehabilitation Act of 1973 through its communication (or lack thereof) with me since August 2025.

7. In addition to constantly refusing to reply to questions, both about their explanation-less denial of my full request for accommodations (which it needed to answer to comply with its obligation to provide a true and fair opportunity to appeal that decision (which, in the MPRE's case, means either requesting reconsideration or appealing).

8. I had planned to take the MPRE in November 2025 and the MA Bar Exam in February 2026 but was forced to delay both due to NCBE's denials of my requested and recommended accommodations, for which it has continuously failed to provide a lawful or even logical reason.

9. To arbitrarily pick facts about accommodations granted to me in 2006 and 2014 that I requested and which were recommended *at that time* flies both in the face of the ADA, as well as NCBE's own various guidelines on disabilities documentation, where it stresses that analyses and documentation must be related to a person's *current* disabilities and *current* accommodations needs.

10. I am 36 years old, not 24/25, when I took the LSATs, and not 16 when I took the SATs.

11. NCBE has treated me in a way that makes me feel unwanted in my own chosen profession, something I had never felt before and that has caused me excruciating emotional pain for months now.

12. Thanks to NCBE's recency requirements of applicants' documentation, which it did not look at in my case, I spent most of last summer undergoing a new psychoeducational evaluation and preparing an application that was never considered in full.

13. The last seven months of my life have revolved almost exclusively around NCBE, especially attempts at communication only to be met with silence, or worse, offensive comments about disabilities and *necessary* accommodations.

14. Filing a motion to proceed under pseudonym is necessary to prevent yet more harm to me as I continue to attempt to enter my chosen profession.

15. Potential employers, as well as future colleagues, would have access to the most private details of my life, compromising my ability to even find employment, and certainly to ever feel comfortable around people whose first impression of me could be my filings in this Court.

16. I have had to go to extreme lengths to compile this case, including pulling endless all-nighters, while also managing my application for accommodations on the MA Bar Exam, due by April 1, 2026 at the latest, just after my scheduled MPRE exam on March 25th. Everything else in my life, including my own health, has had to take a back seat.

17. I know myself, and I know what accommodations I need to best ensure the exams reflect my aptitude. In the case of these two licensing exams, without my requested, recommended, and long-used accommodation of 100% extended time (my primary testing accommodation), I do not believe that I will be able to pass both of these exams.

18. If I fail the MPRE on March 25th, I will be forced to delay the MA Bar Exam until February 2027. I have had to dedicate so much time and energy already to dealing with NCBE's unlawful conduct, forcing me to ignore everything else in my life that needs to be done, that

3

another delay would simply be unsustainable at this point, especially given the enormous financial loss incurred due to NCBE's unlawful practices and that will only continue if I am forced to spend many months more attempting to access an exam I must pass before even sitting for MA Bar Exam. The BBE gives considerable weight to NCBE's accommodations determinations.

19. NCBE's actions have already "outed" me (my disabilities) to many people already, placing me in an excruciating position.

20. "Outing" me to the entire world by denying my motion to proceed under pseudonym would only make me vulnerable to further discrimination and mistreatment, potentially for the rest of what I still hope will be my career.

21. NCBE's own conduct towards me demonstrates the types of prejudicial views held by many with respect to persons with disabilities, especially the legal profession of which NCBE is the gatekeeper.

22. The potential harm I would very likely face if I do not proceed under pseudonym would immensely outweigh what has already been and continues to be enormous harm at the hands of NCBE.

23. There would be no point to filing a lawsuit against NCBE if it only serves to hurt me and my goals further, not to mention my health and sense of self-worth which has taken blow after blow after blow over the last seven months.

24. I should not have to bear the additional discrimination, prejudice, and shame that a denial of pseudonymity would cause.

25. I want to enter the legal profession with the same opportunities for employment and advancement as the everyone else in the field. This would not be possible if all the facts of

4

this case, which reveal what would otherwise be very private details about my entire medical history, including my disabilities and health-related struggles more broadly.

26. Moreover, denying my motion to proceed under pseudonym will discourage other persons like me subjected to similarly unlawful treatment from fighting for their legal rights. That thought is unbearable to me and would turn my efforts to vindicate my legal rights into harm to other people's ability to do the same if they see that I was denied the ability to conceal my true identity.

27. I want this case and all the effort I have put into preparing it to serve the public interest not harm it.

28. I urge this Honorable Court to give significant consideration to my privacy here, which, if compromised, will only help to perpetuate the type of discrimination that NCBE has so brazenly exhibited towards me.

**Verification**

I, the undersigned RR, do hereby attest, under the pains and penalties of perjury, that the foregoing is true to the best of my personal knowledge:

RR
_____
RR, *pro se*

Dated: 3/23/26