IN THE UNITED STATES DISTRICT COURT
FOR THE  DISTRICT OF MASSACHUSETTS

R.R.,

      Plaintiff,

      v.

NATIONAL CONFERENCE OF BAR
EXAMINERS,

      Defendant.

Civil Action
No. 1:26-cv-11389-MJJ

**ANSWER OF DEFENDANT NATIONAL CONFERENCE OF BAR EXAMINERS**

Defendant National Conference of Bar Examiners ("NCBE"), by and through its attorneys, hereby answers Plaintiff R.R.'s Complaint for Declaratory and Injunctive Relief and Damages (Doc. No. 1) (the "Complaint"). NCBE denies that it violated any law with respect to NCBE's handling of and response to Plaintiff's request for testing accommodations on the Multistate Professional Responsibility Examination ("MPRE"), denies that Plaintiff provided documentation to NCBE that supports her contention that she was entitled to 100% more testing time on the MPRE than other examinees receive, denies that NCBE discriminated against Plaintiff, denies that Plaintiff is entitled to any relief herein, and responds to the specific allegations in the correspondingly numbered paragraphs of the Complaint as follows:

1.     NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies them. NCBE also denies that it is appropriate for Plaintiff to proceed anonymously in this lawsuit and reserves the right to oppose her doing so at an appropriate time, consistent with the Court's Minute Order (Doc. No. 11).

2.     NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies them.

3.      NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies them.

4.      NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies them.

5.      NCBE admits that it denied Plaintiff's most recent request for reconsideration of NCBE's decision on her request for accommodations on the March 2026 MPRE, and admits that one or more of her requested accommodations are often requested by individuals seeking accommodations on the MPRE. NCBE denies that it failed to provide an explanation to Plaintiff for its decision. The remaining allegations in paragraph 5 use relative and undefined terms as to which NCBE cannot form a belief as to the truth of those allegations (namely, "thorough," "expensive," and "difficult"), so NCBE denies them.

**PARTIES**

**Plaintiff, RR**

6.      NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies them.

7.      NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies them.

8.      NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies them.

9.      NCBE admits that, as of the filing of the Complaint, Plaintiff was scheduled to take the MPRE in Woburn, Massachusetts. Except as otherwise admitted, the allegations of paragraph 9 are denied.

**Defendant, National Conference of Bar Examiners (NCBE)**

10.     NCBE denies the allegations in paragraph 10.

11.    NCBE admits the allegations in paragraph 11.

12.    NCBE denies that it is an "agency," denies that it "manages" the "character and fitness portions of the bar exams in many jurisdictions," and denies that character and fitness reviews are accurately described as being part of the "bar exams" in many jurisdictions. NCBE admits the remaining allegations in paragraph 12.

13.    NCBE admits the allegations in paragraph 13.

14.    Many of the allegations in paragraph 14 are statements of belief or opinion, rather than factual allegations. In all events, NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies them.

15.    NCBE admits that the next administration of the MPRE is in August 2026, denies that it has discriminated against Plaintiff, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 and therefore denies them.

## JURISDICTION AND VENUE

16.    NCBE admits the allegations in paragraph 16.

17.    The allegation in paragraph 17 is a legal conclusion that NCBE is not required to admit or deny. NCBE states, however, that it does not contest that the Court has personal jurisdiction over NCBE with respect to the allegations in Plaintiff's complaint.

18.    NCBE denies the allegations in paragraph 18.

19.    NCBE admits that Plaintiff purports to assert claims under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act.

20.    The allegations in paragraph 20 are legal conclusions that NCBE is not required to admit or deny. NCBE states, however, that it does not contest that the Court has subject matter jurisdiction over this case because it arises under the laws of the United States.

21.     The allegations in paragraph 21 are legal conclusions that NCBE is not required to admit or deny. NCBE states, however, that it does not contest venue in this case. NCBE denies that it discriminated against Plaintiff.

22.     The allegations in paragraph 22 are legal conclusions that NCBE is not required to admit or deny. NCBE states, however, that it does not contest venue in this case. NCBE denies that it discriminated against Plaintiff.

23.     The allegations in paragraph 23 include a legal conclusion that NCBE is not required to admit or deny. NCBE is without knowledge or information sufficient to form belief as to the factual allegation in paragraph 23 and therefore denies it.

**FACTUAL ALLEGATIONS**

24.     NCBE admits that the MPRE contains 60 multiple-choice questions and that there are currently three standard administrations of the MPRE each year. NCBE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 and therefore denies them.

25.     NCBE admits, on information and belief, that licensure candidates in Massachusetts must pass the MPRE before they may take the Massachusetts bar examination. NCBE admits that there are currently three standard administrations of the MPRE each year, held in March, August, and November. NCBE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 and therefore denies them.

26.     NCBE admits that it approved Plaintiff for 50% additional testing time on the MPRE and informed her of its decision by way of a letter posted to her online NCBE account on August 26, 2025. NCBE denies the remaining allegations in paragraph 26.

27.     NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore denies them.

28.     NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore denies them. NCBE notes, however, that NCBE was provided with various reports from a Dr. Eve Fontaine in support of Plaintiff's request for accommodations on the MPRE, the contents of which speak for themselves.

29.     NCBE admits that Plaintiff submitted an initial request for accommodations on the MPRE to NCBE in July 2025; admits that NCBE approved certain accommodations for Plaintiff in a decision letter dated August 26, 2025, including 50% extra testing time; and admits that NCBE did  not approve Plaintiff's request for 100% extra testing time.

30.     NCBE admits that it approved Plaintiff for 50% extra testing time, admits that it denied her request for 100% extra testing time, and admits that it denied her request for stop-the-clock breaks. NCBE denies the remaining allegations in paragraph 30.

31.     NCBE denies the allegations in paragraph 31.

32.     NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore denies them.

33.     NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore denies them.

34.     Paragraph 34 does not appear to contain a complete allegation, so NCBE can provide no response. To the extent any allegations are being made here, NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore denies them.

**RR's Alleged Disabilities**

35.      NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies them.

36.      NCBE admits that various documents were provided to NCBE in support of Plaintiff's request for accommodations on the MPRE that provided or referenced various diagnosed impairments; the contents of those documents speak for themselves. Whether those impairments would qualify as disabilities within the meaning of the ADA is a legal conclusion that NCBE is not required to admit or deny. NCBE denies that it ignored any of the documentation that Plaintiff submitted in support of her request for accommodations on the MPRE. NCBE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 and therefore denies them.

**History of RR's Alleged Disabilities and Academic Success**

37.      NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore denies them.

38.      NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore denies them.

39.      NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore denies them.

40.      NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore denies them.

41.      NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore denies them.

42. NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies them.

43. NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore denies them.

44. NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and therefore denies them.

45. NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore denies them.

46. NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and therefore denies them.

47. NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and therefore denies them.

48. NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 and therefore denies them.

49. NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 and therefore denies them.

50. NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 and therefore denies them.

51. NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 and therefore denies them.

52. NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 and therefore denies them.

53.    NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore denies them.

54.    NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 and therefore denies them.

55.    NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore denies them.

56.    NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 and therefore denies them.

57.    NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 and therefore denies them.

58.    NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 and therefore denies them.

59.    NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 and therefore denies them.

60.    NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 and therefore denies them.

61.    NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 and therefore denies them.

62.    NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 and therefore denies them.

63.    NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 and therefore denies them.

**Alleged Current State of RR's Alleged Disabilities**

64.     NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 and therefore denies them.

65.     NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 and therefore denies them.

66.     NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 and therefore denies them.

67.     NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 and therefore denies them.

68.     NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 and therefore denies them.

69.     NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 and therefore denies them.

70.     NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 and therefore denies them.

71.     NCBE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 71 and therefore denies them.

72.     NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 and therefore denies them.

73.     NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 and therefore denies them.

74.     NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 and therefore denies them.

75.    NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 and therefore denies them.

76.    NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 and therefore denies them.

**The MPRE**

77.    NCBE admits the allegations in paragraph 77.

78.    NCBE denies the allegations in paragraph 78. The MPRE is administered by NCBE and its test-delivery vendor, Pearson VUE.

79.    NCBE admits the allegations in paragraph 79, on information and belief.

80.    NCBE denies that the documentation Plaintiff provided to NCBE in support of her request for accommodations on the MPRE supported the conclusion that she is entitled to 100% extra testing time as an accommodation on the MPRE. NCBE admits that a completely distraction-free environment cannot be provided as an accommodation on the MPRE. NCBE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 80 and therefore denies them.

**NCBE Accommodation Application Process**

81.    NCBE denies the allegations in paragraph 81.

82.    NCBE denies the allegations in paragraph 82.

83.    NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 and therefore denies them.

84.    NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 and therefore denies them.

-10-

**RR's Recent Evaluations and Accommodations Recommendations**

85.    NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 and therefore denies them.

86.    Based upon its current understanding of Dr. Fontaine's background and training, NCBE admits that Dr. Fontaine is a qualified professional with respect to various types of mental impairments.

87.    NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 and therefore denies them.

88.    NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 and therefore denies them.

89.    NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 and therefore denies them.

90.    NCBE denies the allegations in paragraph 90.

91.    NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 and therefore denies them.

**NCBE'S Partial Approval of Plaintiff's Accommodations Requests**

92.    NCBE admits the allegations in paragraph 92.

93.    NCBE admits that Plaintiff submitted documentation in support of her initial request for accommodations on the MPRE, the contents of which speaks for itself. NCBE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 93 and therefore denies them.

94.    NCBE admits that it approved 50% extra testing time on the MPRE for Plaintiff and denies the remaining allegations in paragraph 94.

95.     NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 and therefore denies them.

96.     NCBE denies the allegations in paragraph 96.

97.     Paragraph 97 refers to and characterizes one or more written communications, the contents of which speak for themselves. To the extent that any response is required, NCBE denies the allegations in paragraph 97 as stated.

98.     NCBE denies the allegations in paragraph 98.

99.     Paragraph 99 refers to and characterizes an email communication, the content of which speaks for itself. To the extent that any response is required, NCBE denies the allegations in paragraph 99 as stated.

100.    Paragraph 100 refers to and characterizes a written communication, the contents of which speaks for itself. To the extent that any response is required, NCBE denies the allegations in paragraph 100 as stated.

101.    NCBE denies the allegations in paragraph 101.

102.    NCBE denies the allegation in paragraph 102.

103.    NCBE admits that Plaintiff submitted a request for reconsideration in connection with the March 2026 administration of the MPRE. NCBE denies the remaining allegations in paragraph 103.

104.    NCBE admits that it did not approve Plaintiff's request for 100% extra testing time on the March 2026 administration of the MPRE, in a decision dated February 9, 2026. NCBE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 104 and therefore denies them.

105.    NCBE denies the allegations in paragraph 105.

106.    NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 and therefore denies them.

107.    NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 and therefore denies them.

108.    NCBE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 and therefore denies them.

109.    NCBE denies that it discriminated against Plaintiff in any way. NCBE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 109 and therefore denies them.

## PLAINTIFF'S CLAIMS FOR RELIEF

### COUNT I: Alleged Violation of the ADA

110.    NCBE incorporates by reference its responses to paragraphs 1-109 of the Plaintiff's Complaint.

111.    Paragraph 111 sets forth a legal conclusion that NCBE is not required to admit or deny. To the extent a response is required, NCBE admits, on information and belief, that Plaintiff has been diagnosed with one or more physical or mental impairments that constitute a disability withing the meaning of the ADA if they substantially limit her ability to perform one or more major life activities.

112.    NCBE admits that it administers the MPRE, in conjunction with its test-delivery vendor Pearson VUE. Although it constitutes a legal conclusion that NCBE is not required to admit or deny, NCBE admits that it is subject to 42 U.S.C. § 12189. NCBE denies that the MPRE is most accurately characterized as an examination that is related to "applications and credentialing for postsecondary education, professional, and trade purposes" as those terms are used in 42 U.S.C. §

12189 and states that the MPRE is more accurately characterized as an examination that is related to licensing for professional purposes.

113. NCBE denies the allegations in paragraph 113 and each of its sub-paragraphs.

114. NCBE denies the allegations in paragraph 114.

115. Paragraph 115 sets forth one or more legal conclusions that NCBE is not required to admit or deny. To the extent that a response is required, NCBE denies the allegations in paragraph 115.

116. Paragraph 116 sets forth one or more legal conclusions that NCBE is not required to admit or deny. To the extent that a response is required, NCBE denies the allegations in paragraph 116 and specifically denies that it violated the ADA in handling Plaintiff's request for accommodations on the MPRE.

117. Paragraph 117 sets forth one or more legal conclusions that NCBE is not required to admit or deny. To the extent that a response is required, NCBE denies the allegations in paragraph 117 and specifically denies that it violated the ADA in handling Plaintiff's request for accommodations on the MPRE.

118. Paragraph 118 sets forth a legal conclusion that NCBE is not required to admit or deny. To the extent that a response is required, NCBE denies that it violated the ADA in handling Plaintiff's request for accommodations on the MPRE and denies that Plaintiff is entitled to injunctive relief or any other type of relief in this action.

**COUNT II: Alleged Violation of Section 504 of the Rehabilitation Act**

119. NCBE incorporates by reference its responses to paragraphs 1-118 of the Plaintiff's Complaint.

120.    Paragraph 120 partially quotes Section 504 of the Rehabilitation Act and thus requires no response from NCBE. To the extent that a response is required, NCBE admits that Plaintiff has accurately quoted part of the language that appears in 29 U.S.C. § 794(a).

121.    NCBE denies it received federal financial assistance within the meaning of Section 504 -- and denies it is or was subject to Section 504 -- at any time relevant to Plaintiff's claims.

122.    Paragraph 122 sets forth a legal conclusion that NCBE is not required to admit or deny. To the extent that a response is required, NCBE denies the allegations in paragraph 122.

123.    Paragraph 123 sets forth legal conclusions that NCBE is not required to admit or deny. To the extent a response is required, NCBE admits on information and belief that Plaintiff has been diagnosed with one or more physical or mental impairments that constitute a disability withing the meaning of Section 504 of the Rehabilitation Act if they substantially limit her ability to perform one or more major life activities, and that Plaintiff has an educational background that qualifies her to become a lawyer subject to her meeting other jurisdictional licensure requirements.

124.    NCBE denies the allegations in paragraph 124.

125.    NCBE denies the allegations in paragraph 125.

126.    Paragraph 126 sets forth legal conclusions that NCBE is not required to admit or deny. To the extent a response is required, NCBE denies the allegations in paragraph 126, which it understands to be asserting that NCBE intentionally discriminated against her or acted with deliberate indifference to her legal rights in violation of Section 504.

127.    Paragraph 127 sets forth legal conclusions that NCBE is not required to admit or deny. To the extent a response is required, NCBE denies the allegations in paragraph 127 and specifically denies that it discriminated against Plaintiff in any way in its handling of her request for accommodations on the MPRE.

## PLAINTIFF'S JURY DEMAND

128.    Paragraph 128 demands a jury trial for all claims so triable and requires no response from NCBE. To the extent a response is required, NCBE states that a jury trial is not available to Plaintiff with respect to her ADA claim because the only relief available to her under Title III of the ADA is equitable relief in the form of an injunction.

## PLAINTIFF'S PRAYER FOR RELIEF

129-135.    Paragraphs 129-135 set forth the relief that Plaintiff is seeking and require no response from NCBE. To the extent a response is required, NCBE denies that Plaintiff is entitled to any of the relief that Plaintiff has requested in this action or any other type of relief.

**ALL ALLEGATIONS NOT SPECIFICALLY ADMITTED HEREIN ARE DENIED.**

**WHEREFORE**, NCBE prays that Plaintiff be denied all relief, that her Complaint be dismissed with prejudice, and that NCBE be awarded its fees and costs incurred herein and such other and further relief as the Court deems proper.

## DEFENSES AND AFFIRMATIVE DEFENSE

Based on information available to date, NCBE asserts the following as separate defenses and an affirmative defense. NCBE does not assume the burden of proof on these defenses where the burden is otherwise on Plaintiff under applicable law. NCBE reserves the right to amend this Answer to add additional defenses and affirmative defenses.

A. **Failure to State a Claim:** Plaintiff has failed to state a claim upon which relief can be granted.

B. **Laches:** Plaintiff has failed to act in a timely fashion with respect to any request for interim relief. As Court noted in the Court's Minute Order (Doc. No. 11), Plaintiff's

accommodation request was partially denied in August 2025 and her request for reconsideration was denied in October 2025.

C. **No Damages:** Plaintiff has not suffered any compensable damages.

Dated: April 13, 2026                                    Respectfully submitted,


 */s/ Thomas J. Tobin*
Thomas J. Tobin, BBO No. 696096
Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, WA  98101-3804
Telephone:  206.359.3157
Facsimile:  206.359.9000
ttobin@perkinscoie.com

Robert A. Burgoyne
(*pro hac vice application forthcoming*)
Perkins Coie LLP
700 13th St. NW, Suite 800
Washington, DC 20005
Telephone:  202.654.1744
Facsimile:  202.654.6211
rburgoyne@perkinscoie.com

*Attorneys for Defendant*
*National Conference of Bar Examiners*

-17-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was electronically filed on April 13, 2026, via the Court's CM/ECF System, which will send notification of such filing to all individuals granted permission to use the Court's CM/ECF System in connection with this case. In addition, a copy of the foregoing document has been sent to plaintiff by first-class mail, postage prepaid, addressed to:

    790 Boylston Street, Apt. 26F
    Boston, MA 02199

                                      /s/ *Thomas J. Tobin*
                                          Thomas J. Tobin

-18-