**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **R.R.,**<br><br>  **Plaintiff,**<br><br>  **v.**<br><br>**NATIONAL CONFERENCE OF BAR EXAMINERS,**<br><br>  **Defendant.** | **Civil Action**<br>**No. 1:26-cv-11389-MJJ** |

## DEFENDANT'S RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.1, a telephonic meeting was held on May 4, 2026, and attended by R.R., Plaintiff, proceeding *pro se*; and Robert Burgoyne, counsel for Defendant National Conference of Bar Examiners ("NCBE"). The parties having been unable to agree upon the language in a joint report, Defendant NCBE respectfully submits the following report.

## 1.  OVERVIEW OF THE CASE

Plaintiff graduated from law school in May 2019 but has not yet been licensed to practice. She would like to become licensed in Massachusetts. To do so, she must – among other things – successfully complete both the Massachusetts Bar Examination and the Multistate Professional Responsibility Examination ("MPRE"), which Defendant develops and administers, including in Massachusetts. Massachusetts requires bar applicants to have a score of at least 85 on the MPRE.

Based upon various diagnosed impairments, Plaintiff requested 100% extended testing time (double-time) on the MPRE, as well as up to 15 minutes of stop-the-clock break time. NCBE approved 50% additional testing time. According to a report from her supporting medical

1

professional, this is the same amount of extended testing time that she received on exams in college and on her PSAT, SAT, and Advanced Placement standardized exams. According to her supporting professional, Plaintiff also took the GRE standardized exam twice, both times with no accommodations; she took the Law School Admission Test (LSAT) with 50% extended testing time; and enrolled in a joint PhD/JD program at Duke University, where she was initially approved for 50% extended testing time on exams and later was approved for 100% extended testing time.

Plaintiff took the MPRE on March 25, 2026, with the 50% extended testing time that NCBE had approved. She received a score of 84, one point shy of the minimum MPRE score required for admission to the Massachusetts bar.

Plaintiff filed this lawsuit on March 23, 2026, two days before her scheduled MPRE exam. Her Complaint (Doc. No. 1) alleges that Defendant violated Title III of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act by not approving all the accommodations she requested on the MPRE. Defendant has answered (Doc. No. 17) and denies that it violated the ADA, denies that the Rehabilitation Act applies to Defendant, and denies that its actions would have violated the Rehabilitation Act if it were applicable to Defendant. Plaintiff has demanded a jury trial.

On the same day that Plaintiff filed her Complaint (March 23), she filed a Motion for an Ex Parte Temporary Restraining Order or, in the Alternative, Expedited Preliminary Injunctive Relief. The Court denied Plaintiff's motion for *ex parte* relief, which requested that Defendant be ordered to provide Plaintiff with her full requested accommodations when she took the MPRE on March 25. (Doc. No. 6). As discussed in Section 6.A below, the Court denied her motion on the same day.

During the parties' meet-and-confer call on May 4, 2026, Plaintiff informed NCBE's counsel that the Massachusetts Board of Bar Examiners (MBBE) had recently approved Plaintiff's

request for 100% extended testing time and stop-the-clock breaks when she takes the Massachusetts Bar Examination. On May 6, 2026, and at the request of Defendant's counsel, Plaintiff provided a copy of the MBBE's April 23, 2026 approval letter to Defendant's counsel, which counsel then shared with their client.

Two days later, on May 8, 2026, NCBE emailed a letter to Plaintiff stating in part as follows:

> NCBE has completed a further review of your request for test accommodations for the Multistate Professional Responsibility Examination (MPRE) and your supporting documentation, including the letter you received from the Massachusetts Board of Bar Examiners dated April 23, 2026, approving accommodations for the July 2026 Massachusetts Bar Examination (100% additional testing time and off-the-clock breaks). As a result of that review, NCBE will approve the following accommodations for you when you take the MPRE:
>
> • 100% extended testing time (double time); and
> • Up to 30 minutes of stop-the-clock break time.

The letter also informed Plaintiff that these accommodations would be available to her if she took the MPRE during its next administration, in August 2026.

Massachusetts requires petitioners for admission to the bar to achieve a passing score on the MPRE prior to sitting for the Massachusetts Bar Exam. Therefore, at this juncture, Plaintiff cannot sit for the July administration of the Massachusetts Bar Examination because she has not yet achieved a passing score on the MPRE, and the next scheduled MPRE administration occurs in August. Plaintiff has informed Defendant's counsel that she has reached out to the Massachusetts Board of Bar Examiners ("MBBE"), along with the Massachusetts Supreme Judicial Court ("SJC") and has been instructed to present a motion to the SJC Rules Committee for a waiver of SJC Rule 3:01 § 1.1.5 (regarding having the requisite minimum MPRE score before taking the Massachusetts Bar Examination), so that she may take the July 2026 Massachusetts Bar Examination, and that the Rules Committee will review the motion in accordance with the SJC's

3

schedule. Plaintiff has also stated to Defendant's counsel that if that motion is allowed, Plaintiff may then submit a motion to file her application for admission to the Massachusetts bar after the normal deadline (May 8, 2026), and that Plaintiff plans to present her motion to the SJC Rules Committee (requesting a waiver of SJC Rule 3:01, § 1.1.5) by May 18.

It is the understanding of Defendant's counsel that the SJC's and MBBE's decisions regarding whether Plaintiff will be permitted to take the Massachusetts Bar Examination in July 2026 could impact how Plaintiff views the pending litigation. NCBE's counsel therefore suggested to Plaintiff that the parties jointly request that the Court adjourn the initial status conference scheduled for May 21, 2026, so that the parties can allow Plaintiff's efforts with the SJC and MBBE to be concluded. Plaintiff declined that suggestion.

2.      **THE PARTIES' UNSUCCESSFUL EFFORT TO AGREE ON A JOINT REPORT**

As noted above, this lawsuit was filed on March 23, 2026. After the Defendant filed its Answer, the Court entered a Notice of Scheduling Conference on April 15, 2026, with the initial scheduling conference set for May 21, 2026.

On April 22, 2026, Defendant's counsel sent an email to Plaintiff that stated in part as follows: "[T]he parties need to confer in advance of the initial scheduling conference that the Court has scheduled and then submit a joint report to the Court (see attached pages from the Local Rules). We are supposed to confer at least 21 days prior to the initial conference, which means we need to confer by April 30. How is your schedule at the beginning of next week for a Zoom/Teams call, ideally between 11 and 2 EST?"

Having had no response from Plaintiff to the April 22 email, Defendant's counsel sent another email to Plaintiff on April 27, 2026, stating in part as follow: "I am following up on my email, below. As noted there, April 30th is the date by which we are supposed to confer in advance

of the conference with the Court. When is a convenient time for you to schedule a call this week?"

Having had no response to the April 22 or April 27 emails, Defendant's counsel sent another email to Plaintiff on May 1, 2026, stating as follows: "I am following up again on my email to you of April 22, 2026 (shown below). As I noted then, the parties are required to confer in advance of the initial scheduling conference and then submit a joint report to the Court (see attached pages from the Local Rules). The initial conference has been scheduled for May 21 (see attached Notice), and the parties were supposed to confer at least 21 days prior to the initial conference (i.e., by yesterday). As we have not heard back from you in response to my two prior emails, we will need to push our conferring call to next week. How is your schedule at the beginning of next week for a Zoom/Teams call?"

Plaintiff finally responded on May 1, 2026, and the parties agreed to have their meet-and-confer call on May 4, 2026. In advance of that call, and in order to help frame the parties' discussion, Defendant's counsel sent Plaintiff a draft Joint Rule 26(f) Report on May 4, 2026.

On May 6, 2026, Plaintiff sent an email to Defendant's counsel stating, in part, that she was "still reviewing the joint proposal for us to send - I will get that back to you later tonight…." She did not send any comments that night on the draft Joint Report.

On May 10, 2026, having still received no comments from Plaintiff on the draft Joint Rule 26(f) Report that was sent to her on May 4, Defendant's counsel sent an email to Plaintiff that stated, in part, that the parties were "fast approaching the May 21 status conference with the Court and the May 14 deadline for submitting a joint pre-scheduling report."

On May 11, 2026, Plaintiff sent an email to Defendant's counsel that stated, in part, as follows: "I reviewed the joint report again, and except for adding the new facts from the last two weeks, I think that everything looks good."

187374939.1

Defendant's counsel responded by email on the same date (May 11), stating in part as follows: "[W]e need a written settlement proposal from you (it was due May 7, I believe), and your feedback on the draft joint report (due May 14)."

Having had no response to the May 11 email, Defendant's counsel sent an email to Plaintiff on May 13, stating in part as follows: "I am following up on my note below, from Monday. Please get back to me as soon as you can."

Later that day (May 13), Plaintiff provided her initial comments on and suggested edits to the draft Joint Rule 26(f) Report that Defendant's counsel sent to her on May 4, with an email that stated in part as follows: "Here are my edits to the joint report with track-changes (I just re-read the whole thing several times again). I have never done a joint report like this, obviously, so if there are unnecessary details/information, please accept my apologies, and feel free to remove them!"

Defendant's counsel reviewed the draft provided by Plaintiff on May 13 and sent her a revised, redlined draft on May 14.

The parties exchanged additional drafts of a Joint Report on May 14 (which was the due date for submitting the joint report), without reaching agreement on final language. Defendant's counsel sent another revised draft of a Joint Report to Plaintiff early on the morning of May 15. Plaintiff provided no comments on that draft, stating instead in an email to Defendant's counsel: "Both of our positions need to be in a joint report. If you cannot agree to that, we need to file separate reports, according to the local rules, and I will be at the May 21 conference. Both of our positions can be in that report, but I am not ok with you deleting all of my additions while I allow you to keep yours. I have made concessions all along, as you drafted the original report. Pursuant to the local rules, I will be identifying your behavior throughout this editing process as the reason

6

we could not file a joint report at all nor on time. As a reminder, compliance with the local rules is a condition of admission pro hac vice."

Respectfully, Plaintiff's characterization of the drafting process in her May 15 email is not accurate. It is noted here, along with a short summary of the timing of the drafting process, as a partial explanation for why the parties did not submit a joint Rule 26(f) report to the Court.

## 3.   MAGISTRATE JUDGE

The parties do not consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c).

## 4.   INITIAL DISCLOSURES

It is Defendant's understanding that the parties have agreed to exchange initial disclosures by **June 12, 2026**.

## 5.   SETTLEMENT DEMAND

Plaintiff has not yet submitted a written settlement demand to Defendant.

## 6.   VENUE AND JURISDICTION

There are no contested issues related to venue or jurisdiction.

## 7.   MOTIONS

There are no pending motions.

### A.   Preliminary Injunction Motion

When Plaintiff filed this action on March 23, 2026, she also filed a Motion for an Ex Parte Temporary Restraining Order, or, in the Alternative, Expedited Preliminary Injunctive Relief (Doc. No. 6). The Court denied Plaintiff's Motion on that same date, stating in part as follows: "This last-minute request from Plaintiff lacks adequate explanation for the delay, and I will not grant any relief without allowing Defendant NCBE leave to respond. The Motion for an Ex Parte Temporary Restraining Order or Expedited Preliminary Injunction, Doc. No. 6, is DENIED. Plaintiff is directed to serve Defendant in the regular manner. The parties are then directed to meet and confer for the

187374939.1

purpose of setting a briefing schedule, and to file a joint proposal." *See* Doc. No. 11.

It is Defendant's understanding that Plaintiff is considering filing a renewed motion for preliminary injunction, even though she has now been approved to receive the accommodations that were the subject of her prior motion for a preliminary injunction. Defendant would oppose any renewed motion filed by Plaintiff.

**B.** **Motions to Proceed Anonymously and to File Documents under Seal**

On March 23, 2026, Plaintiff also filed a Motion for Leave to Proceed Under a Pseudonym (Doc. No. 2) and a Motion for Leave of Court to File Certain Exhibits Under Seal (Doc. No. 4). On the same date (which was also the date that Plaintiff filed her Complaint), the Court ruled on both of those motions, stating in relevant part as follows: "The Motion for Leave of Court to File Certain Exhibits Under Seal, Doc. No. 4, is GRANTED. The Motion for Leave to Proceed Under Pseudonym, Doc. No. 2, is GRANTED, for now, subject to the Parties' and this Court's ability to re-raise the question of pseudonymity at a later date." *See* Doc. No. 11.

Defendant opposes Plaintiff litigating using a pseudonym because it does not believe that this is an exceptional case in which a plaintiff should be allowed to litigate anonymously. *See generally Doe v. Massachusetts Institute of Technology*, 46 F.4th 61 (1st Cir. 2022). Defendant might also oppose Plaintiff's filing her educational records and certain of her medical records under seal and redacting other records that she has filed or will file. Doing so could inappropriately shield much of this litigation from the public. *See, e.g., In re Gitto Global Corp.*, 422 F.3d 1, 6 (1st Cir. 2005). It could also make litigating the case more cumbersome and expensive, as it will be unclear what documents must be filed under seal or redacted (which, in turn, could necessitate motions practice). Defendant therefore requests that the Court set a briefing schedule for further consideration by the Court of Plaintiff's Motion for Leave to Proceed under a Pseudonym (Doc.

No. 2) and Motion for Leave of Court to File Certain Records Under Seal (Doc. No. 4).

Plaintiff disagrees with Defendant's contention that motion practice is required, at least at this stage, concerning the issue of an anonymity, and believes that the Court should not reevaluate its prior rulings allowing her to proceed using a pseudonym and to file materials under seal.

## 8. <u>DISCOVERY PROCEDURES</u>

It is Defendant's understanding that the parties have agreed to produce as PDFs all non-privileged records that they produce in discovery which currently exist in an electronic format, and that any records that currently exist in a paper format may be produced in either a paper format or as PDFs, at the election of the producing party.

It is also Defendant's understanding that the parties have agreed that any motion relating to discovery must be filed prior to the expiration of the discovery period to be established by the Court, and that *phased* discovery is not needed.

## 9. <u>DEFENDANT'S PROPOSED PRETRIAL SCHEDULE</u>

- Deadline for moving to amend pleadings: **June 12, 2026**
- Deadline for moving to join additional parties: **June 12, 2026**
- Cut-off for serving & complying with written fact discovery: **August 7, 2026**
- Cut-off for completing fact depositions:  **September 11, 2026**
- Due date for Plaintiff's expert report(s): **October 9, 2026**
- Due date for Defendant's expert report(s): **November 9, 2026**
- Cut-off for completing expert depositions: **December 11, 2026**
- Deadline for filing dispositive motions: **January 6, 2027**
- Settlement Conference: **January 8, 2027**
- Case Management Conferences: **As needed**
- Final Pretrial Conference: **February 19, 2027**
- Deadlines for motions *in limine*: **February 26, 2027**
- Trial: **March 2027**

187374939.1

**10. CERTIFICATION BY COUNSEL FOR DEFENDANT**

Counsel for Defendant affirm that they have conferred with their client (A) with a view to establishing a budget for the costs of conducting the full course and various alternative courses of the litigation; and (B) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

Dated:      May 15, 2026                      Respectfully submitted,

                                             */s/ Thomas J. Tobin*
Thomas J. Tobin, BBO No. 696096
Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, WA  98101-3804
Telephone:  206.359.3157
Facsimile:  206.359.9000
ttobin@perkinscoie.com

*/s/ Robert A. Burgoyne*
Robert A. Burgoyne
(admitted *pro hac vice*)
Perkins Coie LLP
700 13th St. NW, Suite 800
Washington, DC 20005
Telephone:  202.654.1744
Facsimile:  202.654.6211
rburgoyne@perkinscoie.com

***Attorneys for Defendant***
***National Conference of Bar Examiners***

187374939.1

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was electronically filed on May 15, 2026, via the Court's CM/ECF System, which will send notification of such filing to all individuals granted permission to use the Court's CM/ECF System in connection with this case. In addition, a copy of the foregoing document has been sent to plaintiff by email and by first-class mail, postage prepaid, addressed to:

790 Boylston Street, Apt. 26F
Boston, MA 02199

/s/ *Thomas J. Tobin*
Thomas J. Tobin

187374939.1